UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEFFERY WILLIAM: KLINE,  CIVIL NO. 05-757 MJD/AJB

  PLAINTIFF,

V.  REPORT AND RECOMMENDATION
 ON DISMISSAL FOR
 FAILURE TO PROSECUTE

ERIC BRANDT, INDIVIDUALLY AND AS
AN AGENT FOR RAMSEY COUNTY, THE STATE OF MINNESOTA,
AND RAMSEY COUNTY, MINNESOTA ,

  DEFENDANTS.


Plaintiff Jeffery William: Kline filed a complaint in federal district court on April 14, 2005, against defendants Eric Brandt, the State of Minnesota, and Ramsey County, Minnesota. (Docket No. 1.) On May 4, 2005, the defendants answered, denying all allegations. (Docket No. 3.) On May 9, 2005, Plaintiff filed an objection to the defendants' answer by filing a copy of the defendants' answer with the words "Refused for Cause Without Dishonor and, Without Recourse to Me" written across the answer. (Docket No. 5.) On June 6, 2005, Mr. Kline filed an "Affidavit of Default" claiming that defendants had failed to answer within the proscribed 20 day time period and that a judgment for default should be entered against the defendants. (Docket No. 9.) On June 27, 2005, the court issued a pretrial scheduling order. (Docket No. 14.) Plaintiff objected to the pretrial scheduling order by returning a copy of the order with the phrase "Refused for Cause Without Dishonor and, Without Recourse to Me" written on the order. (*See* Docket No. 16.) On March 3, 2006, this court issued an order to show cause as to why this action should not be dismissed for failure to prosecute. (Docket

No. 18.)  The court provided the plaintiff fourteen days in which to reply to the order "in a meaningful manner" explaining why the matter should not be dismissed.  (*See id*.)  The order to show cause stated that failure to comply with the court's directive could result in sanction, including dismissal of the claims.  (*Id*.)  Plaintiff returned to the court a copy of the March 3, 2006 Order marked with "Refused for Cause Without Dishonor and, Without Recourse to Me."  (Docket No. 19.)

"[A] district court may, on its own motion, dismiss an action for the plaintiff's failure to comply with any court order, and such dismissal operates as an adjudication on the merits."  *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (citing *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir.1986)).  "Pro se litigants are not excused from complying with court orders or substantive and procedural law."  *Id*. (citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984)).[1]  Here, Mr. Kline has failed to reply to this court's directive to show cause why this matter should not be dismissed.  Accordingly, the court **HEREBY RECOMMENDS** that this action be dismissed with prejudice for failure to prosecute.

Dated: <u>March 22, 2006</u>

<u>s/ Arthur J. Boylan</u>
Arthur J. Boylan

---

[1] Plaintiff's affidavit to the court regrading a default judgment is without merit.  It would be improper for the court to issued such a judgment in this instance because defendants properly responded to Mr. Kline's complaint by filing a timely answer and, thus, are not in default.  *See* Fed. R. Civ. P. 55(a).  In addition, by filing a copy of defendants' answer, Mr. Kline has demonstrated that he was in receipt of the defendants' answer within the appropriate time period.

United States Magistrate Judge

**Notice**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **April 7, 2006**.